IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DONNA MIRANDA<br>314 Edith Avenue<br>Findlay, Ohio 45840<br><br>    Plaintiff,<br><br>Vs.<br><br>EXEL, INC.<br>D/B/A DHL SUPPLY CHAIN<br>1000 Campbell Dr.<br>Findlay, Ohio 45840-6617<br><br>c/o Statutory Agent<br>CT Corporation System<br>4400 Easton Commons, Suite 125<br>Columbus, Ohio 43219<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>HON.<br><br><br>**COMPLAINT**<br>**(VIOLATIONS OF FAMILY AND**<br>**MEDICAL LEAVE ACT)**<br><br>**JURY DEMAND**<br>**ENDORSED HEREON** |

Plaintiff Donna Miranda for her Complaint against Defendant Exel, Inc. d/b/a DHL Supply Chain ("DHL") alleges and states as follows:

**JURISDICTION AND VENUE**

1. At all times relevant herein, Plaintiff Donna Miranda was a citizen of the State of Ohio who resided in Findlay, Ohio in the County of Hancock.

2. Defendant DHL is an international leader in the areas of supply chain management and third-party logistics. At all times relevant herein, DHL maintained operations and employed the Plaintiff in Findlay, Ohio within this Judicial District.

1

3. At all times relevant herein, DHL conducted business within this Judicial District.

4. This court has original jurisdiction in this case pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(b).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business within this District and Division and a substantial part of the events giving rise to these claims occurred in this District and Division.

## BACKGROUND INFORMATION

6. At all times relevant herein, DHL was Plaintiff's employer within the meaning of FMLA in that DHL employed more than fifty (50) employees.

7. Plaintiff brings this action for damages and injunctive relief for an unlawful termination of her employment with DHL in violation of the Family and Medical Leave Act.

8. Plaintiff, who began her employment with DHL in August of 2018, was a Floor Lead for the company. As a Floor Lead, the Plaintiff had myriad responsibilities. A Floor Lead's primary duties were to assist associates with computer issues, delegate tasks among associates, manage safety issues, train associates and organize pallets.

9. In November or December 2021, Plaintiff submitted a request to her Operations Manager at DHL to take FMLA leave in January of 2022 in order to have a medically-necessary surgery. The date of this surgery was

January 11, and Plaintiff returned to work on February 3, 2022, using eighteen (18) days of her FMLA leave.

10. In early March of 2022, Plaintiff experienced some complications from the surgery and unexpectedly had to be readmitted to the hospital on March 4. As the Plaintiff was very ill, her daughter notified the Plaintiff's Regional HR Manager, Operations Manager and supervisors that the Plaintiff was in the hospital and unable to work.

11. Unfortunately, while she was sick in March, Plaintiff learned that she would need to have both a kidney and her gallbladder removed in order to prevent a recurrence of her illness.

12. Plaintiff returned to work on March 23, 2002, thereby using an additional thirteen (13) days of FMLA leave (from March 4 – 23) at this time.

13. On March 22, 2022 Plaintiff notified her Regional Supervisor and Operations Manager that she would need additional FMLA leave of approximately five weeks for her kidney/gallbladder surgery and that the surgery was scheduled for April 12, 2022. Therefore, Plaintiff would be out from April 12 until approximately May 16, 2022.

14. Plaintiff notified both her Regional Supervisor and Operations Manager of the type of surgery she was scheduled for, and further informed DHL that, after an appropriate period of time to recuperate, she would be able to return to work and perform the essential functions of her job as a Floor Lead.

15. On April 5, 2022, exactly one week before Plaintiff was to start her approved FMLA leave, she was terminated by DHL. April 5 was also exactly two weeks after the Plaintiff had notified DHL that she would need to use additional FMLA leave from April 12 until approximately May 16, 2022 for the kidney/gall bladder surgery.

16. The Plaintiff was informed that she was terminated for two conduct violations – alleged rudeness to a supervisor in February of 2022 and an alleged safety code violation on March 24, 2022.

17. The reasons communicated to Plaintiff for her termination were both false and pretextual.

18. DHL's conduct in terminating Plaintiff's employment immediately after learning Plaintiff needed to utilize FMLA leave constitutes unlawful retaliation against the Plaintiff. This conduct is actionable pursuant to 29 U.S.C. §§ 2615 and 2617.

## COUNT ONE
## FMLA INTERFERENCE

19. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

20. Pursuant to 29 U.S.C. § 2615(a)(1), it is unlawful for an employer to interfere with or deny the exercise of any right provided under FMLA.

21. At all relevant times, DHL employed more than fifty employees and is a covered employer under the Family and Medical Leave Act.

22. Plaintiff was employed by DHL for more than one year prior to her termination and worked more than 1,250 hours during the preceding year.

23. DHL violated FMLA by terminating Plaintiff one week before she was going to use the time allotted to her under the FMLA laws to have her kidney and gallbladder removed, as ordered by her physician.

## COUNT TWO
## FMLA RETALIATION

24. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

25. When Plaintiff was terminated she was eligible for continued FMLA leave as a result of a serious medical condition of which DHL was informed.

26. DHL willfully and unlawfully discharged Plaintiff and denied her attempt to use rights provided under the Family and Medical Leave Act in violation of 29 U.S.C. § 2615, made actionable under 29 U.S.C. § 2617.

27. As a proximate result of the acts of DHL, Plaintiff has suffered the loss of her job, including back pay, future pay, and lost fringe benefits and pension benefits. Plaintiff has also suffered great mental and emotional stress, anxiety, humiliation and embarrassment.

28. As a result of DHL's willful violation of FMLA, Plaintiff is entitled to liquidated damages. Plaintiff has also been forced to incur court costs and attorney's fees.

WHEREFORE, Plaintiff demands:

A) Judgment against DHL ordering reinstatement and back wages;

B) In lieu of reinstatement, both back and front pay;

C) Compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment;

D) Court costs, interest and reasonable attorney fees;

E) Liquidated damages equal to compensatory damages and costs and attorneys fees, together with prejudgment and post judgment interest; and

F) Other legal or equitable relief to which she may be entitled.

Respectfully submitted,

/s/ Ellen M. Kramer
COHEN ROSENTHAL & KRAMER LLP
Ellen M. Kramer #0055552
Emk@crklaw.com
Jason R. Bristol #0072989
jbristol@crklaw.com
3208 Clinton Avenue
Cleveland, Ohio 44113
216-815-9500 Phone
216-781-8061 Fax
www.crklaw.com

## JURY DEMAND

The Plaintiff demands a trial by jury on each claim that may be so tried.

/s/ Ellen M. Kramer